IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIDEO SOLUTIONS PTE. LTD.,<br><br>                    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>                    Defendant. | Civil Action No. 2:23-cv-222<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Video Solutions Pte. Ltd. ("Video Solutions" or "Plaintiff"), files this Complaint and demand for a jury trial seeking relief for patent infringement by Defendant Cisco Systems, Inc. ("Cisco" or "Defendant"). In support of this Complaint, Plaintiff alleges the following:

## THE PARTIES

1. Video Solutions is corporation organized and existing under the laws of Singapore, with its registered address located at 160 Robinson Road, # 24-09, Singapore (068914).

2. Video Solutions owns certain patents related to new and improved systems and methods for digital communication, including videoconferencing, voice calls, and networked collaboration. These patents stem from the work of several inventors associated with Magor Communications Corporation ("Magor"), a Canadian technology company based in Ottawa, in the 2000s and 2010s.

3. Magor successfully developed, produced, and marketed various innovative products and services, including visual collaboration software that allows users to engage in high-quality visual conversations while simultaneously sharing, viewing, and editing relevant collaborative material on desktops, laptops, tablets, smartphone applications, smart whiteboards,

and other devices. Magor provided its products and services to customers in the Canadian Federal Government and the Royal Canadian Mounted Police, as well as to other customers both inside Canada and around the world, in various market segments including government, policing, national security, public safety, financial services, healthcare, higher education, aerospace, and manufacturing.

4. In 2017, Magor was acquired by N. Harris Computer Corporation ("Harris"). Also based in Ottawa, Canada, Harris is a software and services company with a global presence and over 100,000 customers in the public and private sector throughout North America, Europe, Asia, and Australia. Like Magor, Harris provides software and services to a wide variety of market segments including financial services, healthcare, utilities, local government, and public safety. After Harris acquired Magor, Magor's rights in the patents were assigned to Harris, which later assigned its rights to Plaintiff Video Solutions Pte., Ltd.

5. Video Solutions was created for the protection and licensing of these inventions and intellectual property.

6. On information and belief, Defendant Cisco Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 170 West Tasman Drive, San Jose, California 95134.

7. On information and belief, Cisco is a large digital communications technology company that provides products and services relating to videoconferencing, voice calls, networked collaboration, and other types of digital communication within the United States and around the world.

## NATURE AND BASIS OF ACTION

8. This is an action brought by Video Solutions for infringement of United States Patent No. 8,446,452 (the "'452 patent") and United States Patent No. 9,204,099 (the "'099 patent") (collectively, the "Asserted Patents"), under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including §§ 271(a), 271(b), and 271(c), relating to multiple Cisco products and services described in detail below.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question arising under patent laws of the United States, including 35 U.S.C. § 271.

10. This Court has personal jurisdiction over Cisco because Cisco has committed acts of patent infringement in this District.

11. On information and belief, Cisco has regular and established physical presences in this District, including, but not limited to, ownership of or control over property, inventory, or infrastructure.

12. On information and belief, Cisco maintains several places of business within the State of Texas.

13. On information and belief, Cisco has a regular and established place of business at 2250 East President George Bush Turnpike, Richardson, Texas 75082, employing more than one thousand employees.

14. On information and belief, Cisco maintains a data center at 2260 Chelsea Boulevard, Allen, Texas 75013.

15. Venue is proper in this district under the provisions of 28 U.S.C. § 1400(b).

## ASSERTED PATENTS

16. On May 21, 2013, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '452 patent, entitled "Video Rate Adaptation for Congestion Control," to inventors Mojtaba Hosseini and Patrick White. The '452 patent is currently in full force and effect. Harris assigned the '452 patent, including the right to sue for past and future damages, to Plaintiff Video Solutions by an assignment recorded at Reel/Frame 062392/0733, and Plaintiff Video Solutions accordingly owns all right, title, and interest in and to the '452 patent. A true and correct copy of the '452 patent is attached hereto as Exhibit 1.

17. On December 1, 2015, the USPTO duly and lawfully issued the '099 patent, entitled "Videoconferencing System Providing Virtual Physical Context," to inventor David Brown. The '099 patent is currently in full force and effect. Harris assigned the '099 patent, including the right to sue for past and future damages, to Plaintiff Video Solutions by an assignment recorded at Reel/Frame 062392/0733, and Plaintiff Video Solutions accordingly owns all right, title, and interest in and to the '099 patent. A true and correct copy of the '099 patent is attached hereto as Exhibit 2.

## COUNT I

### (Patent Infringement of United States Patent No. 8,446,452)

18. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

19. On information and belief, Cisco has directly infringed, and continues to directly infringe, one or more claims of the '452 patent by performing within the United States Cisco's "'452 Accused Methods" pursuant to 35 U.S.C. § 271(a). Cisco's '452 Accused Methods include, but are not necessarily limited to, the use and operation of Cisco's virtual collaboration products such as Webex, Jabber, Unified Communications Manager, and TelePresence Systems, and any other Cisco products, either alone or in combination, that operate in a reasonably similar manner.

20. For example, on information and belief, Cisco has been and is performing the '452 Accused Methods which infringe at least exemplary claim 15 of the '452 patent. The claim chart attached hereto as Exhibit 3 describes how the exemplary '452 Accused Methods perform every step of exemplary claim 15 of the '452 patent.

21. On information and belief, Cisco's infringement of the '452 patent has been willful and merits increased damages.

22. Cisco has been aware of the inventions described and claimed in the '452 patent since at least 2013, or was willfully blind to the existence of the patent. For example, Cisco has been aware of the '452 patent at least since the USPTO Examiner identified the asserted '452 patent to Cisco during prosecution of Cisco's own patent applications, starting as early as June 2013. (*See, e.g.*, Exhibit 4 (June 2013 Notice of References Cited by Examiner during prosecution of U.S. Patent No. 8,558,868).) In addition, Cisco has knowledge of the '452 patent upon the filing and service of this Complaint.

23. On information and belief, Cisco has known that its activities concerning the '452 Accused Methods infringed one or more claims of the '452 patent since at least shortly after the issuance of the '452 patent in May 2013 as detailed above. In addition, Cisco has had such knowledge upon the filing and service of this Complaint as demonstrated by the attached claim charts. To the extent that Cisco did not have actual knowledge of its infringement prior to filing and service of this complaint, Cisco's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts.

24. On information and belief, since that time, Cisco has not taken any affirmative steps to avoid infringing the '452 patent.

25. On information and belief, Cisco has made no attempt to design around the claims of the '452 patent.

26. On information and belief, Cisco did not have a reasonable basis for believing that the claims of the '452 patent were invalid.

27. On information and belief, Cisco has performed the '452 Accused Methods throughout the United States including in this District.

28. Video Solutions has been damaged as the result of Cisco's willful infringement. Upon information and belief, Cisco will continue to infringe one or more claims of the '452 patent unless and until it is enjoined by this Court.

29. Cisco has caused and will continue to cause Video Solutions irreparable injury and damage by infringing one or more claims of the '452 patent. Video Solutions will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Cisco is enjoined from infringing the claims of the '452 patent.

## COUNT II

**(Patent Infringement of United States Patent No. 9,204,099)**

30. Plaintiff restates and realleges the preceding paragraphs of this Complaint.

31. On information and belief, Cisco has directly infringed, and continues to directly infringe, one or more claims of the '099 patent by making, using, selling, offering for sale and/or importing into the United States Cisco's "'099 Accused Products" pursuant to 35 U.S.C. § 271(a). Cisco's '099 Accused Products include, but are not necessarily limited to, Cisco's virtual collaboration products such as Webex, Jabber, and any other Cisco products, either alone or in combination, that operate in a reasonably similar manner.

32. The claim chart attached hereto as Exhibit 5 describes how the limitations of exemplary claim 3 of the '099 patent are practiced by Cisco's '099 Accused Products.

33. On information and belief, Cisco also has indirectly infringed, and continues to indirectly infringe, at least claim 3 of the '099 patent by actively inducing the direct infringement by third parties such as Cisco's customers and other end-users of Cisco's '099 Accused Products under 35 U.S.C. § 271(b).  For example, Cisco has been and is making, offering to sell, selling, and otherwise promoting the use of Cisco's '099 Accused Products by such third parties. *See, e.g.*, https://www.webex.com/.  The use of the '099 Accused Products in the United States constitutes an act of direct infringement under 35 U.S.C. § 271(a), and Cisco has knowledge that these third-party activities concerning Cisco's '099 Accused Products infringe one or more claims of the '099 patent.  On information and belief, Cisco will continue to encourage, aid, or otherwise cause these third parties to, for example, use its '099 Accused Products in ways that directly infringe the '099 patent, and Cisco has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '099 patent. *See, e.g.*, https://www.webex.com/.  Further, Cisco provides information and technical support to its customers and other end-users, including product manuals, brochures, videos, demonstrations, and website materials encouraging them to purchase and to use Cisco's '099 Accused Products with knowledge that such use constitutes an act of direct infringement of the '099 patent.  *See, e.g.*, https://www.webex.com/; https://www.essentials.webex.com/; https://resources.webex.com/portals/webex-admin; https://www.cisco.com/c/en/us/td/docs/voice_ip_comm/cloudCollaboration/wbxt/videomesh/cmgt_b_webex-video-mesh-deployment-guide.html; https://www.cisco.com/c/en/us/td/docs/solutions/CVD/Collaboration/hybrid/12x/hybcvd/hms.html.  Alternatively, Cisco has acted with willful blindness to these facts.  On information and belief, Cisco knows that there is a high probability that the use of Cisco's '099 Accused Products

constitutes direct infringement of the '099 patent but took deliberate actions to avoid learning of these facts.

34. For example, Cisco has been aware of the inventions described and claimed in the '099 patent since at least 2017, or was willfully blind to the existence of the patent. Cisco identified the asserted '099 patent to the USPTO during prosecution of its own patent applications, starting at least as early as February 2017. (*See, e.g.*, Exhibit 6 (February 2017 Information Disclosure Statement filed during prosecution of U.S. Patent No. 9,942,519).) Between 2017 and 2020, Cisco cited the '099 patent during prosecution of at least 25 Cisco patent applications.

35. In addition, Cisco has knowledge of the '099 patent upon the filing and service of this Complaint.

36. On information and belief, Cisco has had knowledge that usage of Cisco's '099 Accused Products constitutes an act of direct infringement of '099 patent. On information and belief, Cisco obtained this knowledge prior to suit, and had knowledge at least since February 2017. In addition, Cisco has had such knowledge upon the filing and service of this Complaint as demonstrated by the attached claim charts. To the extent that Cisco did not have actual knowledge of its infringement, Cisco's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts. Cisco, therefore, had knowledge that the use of Cisco's '099 Accused Products by its customers and other end users infringes the '099 patent or Cisco was otherwise willfully blind to that fact.

37. On information and belief, Cisco has also indirectly infringed and continues to indirectly infringe the '099 patent under 35 U.S.C. § 271(c) because it has contributed to direct infringement, and continues to contribute to direct infringement, by third parties such as Cisco's customers and other end-users of Cisco's '099 Accused Products. On information and belief,

Cisco has had knowledge of the '099 patent, and that its activities concerning Cisco's '099 Accused Products infringe one or more claims of the '099 patent, at least since February 2017.

38.     For example, Cisco has sold, offered for sale, and/or imported into the United States and is currently selling, offering for sale, and/or importing into the United States various components of the '099 Accused Products (including Cisco's Video Mesh Nodes) to these third parties with full knowledge of the '099 patent as set forth above.  These third parties install the Video Mesh Nodes and use them according to instructions, documentation, tutorials, marketing materials and the like that instructed/instruct them how to install these components and host teleconferences with these components in ways that infringed/infringe the '099 patent.  Cisco's components (e.g., the Video Mesh Nodes) were not and are not staple articles or commodities of commerce suitable for substantial noninfringing uses as each of these components are especially designed to interact as part of an infringing teleconferencing system.  Further, these components constituted/constitute a material part of the inventions claimed in the '099 patent.  Cisco learned about the '099 patent or was willfully blind to the existence of the patent as set forth above.  On information and belief, Cisco has had knowledge that Cisco's '099 Accused Products infringe the '099 patent, and Cisco obtained this knowledge prior to suit.  Cisco, therefore, supplied/supplies these components with knowledge of the '099 patent and knowledge that the components were especially made for use in an infringing manner.  To the extent that Cisco did not have actual knowledge of its infringement, Cisco's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts. Cisco, therefore, had knowledge that the assembly and use of Cisco's '099 Accused Products infringe the '099 patent or Cisco was otherwise willfully blind to that fact.

39. On information and belief, Cisco's actions demonstrate an intent not only to have caused the above acts that form the basis of direct infringement by third parties, but also that they caused these acts with the specific intent to infringe the '099 patent. At a minimum, Cisco's conduct demonstrates that Cisco either knew or should have known that the acts of such third parties directly infringed/infringe the '099 patent.

40. On information and belief, Cisco's infringement of the '099 patent has been willful and merits increased damages.

41. For example, Cisco has had knowledge of the '099 patent as set forth above.

42. On information and belief, Cisco has known that its activities concerning the '099 Accused Products infringed one or more claims of the '099 patent since at least February 2017. In addition, Cisco has had such knowledge upon the filing and service of this Complaint as demonstrated by the attached claim charts. To the extent that Cisco did not have actual knowledge of its infringement prior to filing and service of this complaint, Cisco's lack of actual knowledge is due to its deliberate decision to avoid learning of these facts.

43. On information and belief, since that time, Cisco has not taken any affirmative steps to avoid infringing the '099 patent.

44. On information and belief, Cisco has made no attempt to design around the claims of the '099 patent.

45. On information and belief, Cisco did not have a reasonable basis for believing that the claims of the '099 patent were invalid.

46. On information and belief, Cisco's '099 Accused Products are available to businesses and individuals throughout the United States including in this District.

47. Video Solutions has been damaged as the result of Cisco's willful infringement. Upon information and belief, Cisco will continue to infringe one or more claims of the '099 patent unless and until it is enjoined by this Court.

48. Cisco has caused and will continue to cause Video Solutions irreparable injury and damage by infringing one or more claims of the '099 patent. Video Solutions will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Cisco is enjoined from infringing the claims of the '099 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Video Solutions respectfully requests that this Court:

1) Enter judgment that Cisco has infringed one or more claims of each of the Asserted Patents, in violation of at least 35 U.S.C. § 271;

2) Enter an order permanently enjoining Cisco, its officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from infringing the claims of the Asserted Patents;

3) Award Video Solutions damages and/or a reasonable royalty in an amount sufficient to compensate it for Cisco's infringement of the Asserted Patents, together with pre-judgment and post-judgment interest and costs, and all other damages permitted under 35 U.S.C. § 284;

4) Perform an accounting of Cisco's infringing activities through trial and judgment;

5) Treble the damages awarded to Video Solutions to compensate it for Cisco's infringement of the Asserted Patents under 35 U.S.C. § 284 by reason of Cisco's willful infringement;

6) Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Video Solutions its attorneys' fees, expenses, and costs incurred in this action; and

7) Award Video Solutions such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: May 19, 2023                                           Respectfully submitted,

 /s/ Ruffin B. Cordell by permission Wesley Hill
Ruffin B. Cordell (TX Bar No. 04820550)
LEAD ATTORNEY
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024
Tel: (202) 783-5070

Jason M. Zucchi (pro hac vice pending)
zucchi@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street
Suite 3200
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Joseph V. Colaianni, Jr. (pro hac vice pending)
colaianni@fr.com
Timothy W. Riffe (pro hac vice pending)
riffe@fr.com
Linhong Zhang (pro hac vice pending)
lwzhang@fr.com
Adam Shartzer (pro hac vice pending)
shartzer@fr.com

FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Garrett Parish
Texas Bar No. 24125824
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com
andrea@wsfirm.com
gparish@wsfirm.com

**COUNSEL FOR PLAINTIFF,
VIDEO SOLUTIONS PTE. LTD.**