# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIDEO SOLUTIONS PTE. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:23-cv-00222-JRG-RSP |
| ) | |
| CISCO SYSTEMS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S OPPOSED MOTION TO DISMISS U.S. PATENT NO. 8,446,823

To narrow its case and streamline and focus the issues for trial, Plaintiff Video Solutions PTE Ltd. ("Video Solutions") voluntarily offered to dismiss all asserted claims of U.S. Patent No. 8,446,823 ("the '823 patent") without prejudice. Cisco does not oppose dismissal, but instead insists dismissal must be with prejudice due to the late stage of the case. Accordingly, Video Solutions moves under Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice Count III (the count relating to the '823 patent) of the Amended Complaint. *See* Dkt. No. 52 at ¶¶ 51-62. For avoidance of doubt, Video Solutions notes that, while Defendant Cisco Systems, Inc. ("Cisco") asserted affirmative defenses, it did not file counterclaims related to the '823 patent. As such, Cisco's defenses surrounding the '823 patent would be moot in light of a Rule 41(a)(2) dismissal.

**I.      BACKGROUND**

On January 6, 2025, counsel for Video Solutions informed Cisco that Video Solutions was considering dropping the '823 patent and providing a draft stipulation of dismissal without prejudice. On January 6, 2025, counsel for Cisco sought clarification of whether Video Solutions

was seeking dismissal with or without prejudice.[1] Video Solutions confirmed that the dismissal would be without prejudice, and Cisco confirmed its opposition to a without prejudice dismissal, insisting that, due to the late stage of the case,[2] a dismissal had to be with prejudice. On January 7, 2025, Video Solutions' counsel confirmed by email Video Solutions' intent to move to dismiss the asserted claims of the '823 patent without prejudice. The parties also met and conferred orally on January 7, 2025, during which Cisco confirmed its opposition to a without prejudice dismissal and indicated it "want[ed] a ruling on [its] motion for summary judgment." Cisco suggested that Video Solutions wait to file the present motion until after the Joint Pretrial Conference. Video Solutions declined, indicating that it did not make sense for the parties and the Court to continue to expend resources on a patent that Video Solutions is withdrawing.

I.   ARGUMENT

This Court and others in this District expect and encourage parties to voluntarily narrow their cases for trial by, among other things, limiting claims and defenses. *See*, *e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC,* No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1 (E.D. Tex. Mar. 1, 2016) ("[T]he Court prefers to rely on the parties, acting in good faith, to voluntarily limit the scope of the case, including the number of asserted claims and prior art references."), *report and recommendation adopted sub nom. Metaswitch Networks Ltd v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 1404214 (E. D. Tex. Apr. 11, 2016); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013) ("The Court encourages and requires the parties to

---

[1] The parties had previously agreed to dismiss U.S. Patent Nos. 8,649,426 and 9,204,099 with prejudice, which were subject to then-pending instituted IPRs. *See* Dkt. Nos. 121 and 201. The '823 patent has no pending IPR.

[2] The parties' joint pretrial submissions are due on January 8, 2025. The Final Pretrial Conference is scheduled January 22, 2025. Trial is currently scheduled for one week beginning February 10, 2025, with final selection of asserted patents/claims to occur 10 days earlier. Dkt. No. 159.

narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues[.]"), *aff'd in part, vacated in part, rev'd in part sub nom. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014).

### A. Video Solutions' Claims Based On The '823 Patent Should Be Dismissed Without Prejudice.

Under Rule 41(a)(2), an action may be dismissed by court order and, unless otherwise stated, the dismissal is without prejudice. Courts in this District have consistently exercised their discretion to grant such requests for dismissal without prejudice. "A patentee's voluntary withdraw[al] of previously asserted patent claims for the purpose of narrowing a case is treated as a dismissal without prejudice." *See Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-CV-00211-JRG, 2021 WL 1530935, at *5 (E.D. Tex. Apr. 16, 2021) (citations omitted). The Federal Circuit has similarly treated a patent holder's voluntary withdrawal of patent claims as "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint, . . . or a Rule 41(a) voluntary dismissal of claims without prejudice[.]" *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012); *see also Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (quoting *SanDisk*, 695 F.3d at 1353).

This Court and the Federal Circuit both accept informal withdrawals to remove claims from a case. *See, e.g.*, *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("[A] patentee's announcement that it was no longer pursuing particular claims, coupled with its ceasing to litigate them, was sufficient to remove those claims from the case event without [a motion to dismiss]."); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-0911-JRG-RSP, 2016 WL 1105364, at *1 (E.D. Tex. Feb. 4, 2016) (finding claims dropped during expert discovery should be treated as dismissed without prejudice, quoting *Alcon*, 745 F.3d at 1993), *report and recommendation adopted*, No. 2:14-CV-0911-JRG-RSP, 2016 WL 1106442 (E.D. Tex. Mar. 20,

3

2016). Video Solutions provided Cisco notice of its case narrowing and files this motion to dismiss without prejudice. Video Solutions, furthermore, will not litigate its '823 patent claims at trial. *See Alcon*, 745 F.3d at 1193 (explaining that a "court should not render judgment with respect to claims 'reference[d] in the complaint' but not raised in the pretrial statement or litigated at trial" (citation omitted)).

The current stage of the case does not warrant a different result. In the Fifth Circuit, a voluntary dismissal without prejudice should be granted unless the defendant will lose some substantial right. As Judge Wisdom stated, "[i]n exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967) (citation and quotation marks omitted) (finding that district court exceeded its discretion by dismissing complaint with prejudice instead of without prejudice). The possibility of an "annoyance of a second litigation upon the same subject matter" is insufficient to show a plain legal prejudice to the defendant. *See id.* at 369. Here, Cisco can identify no "plain legal prejudice" or loss of a "substantial right" from the dismissal of the '823 patent (Count III) without prejudice. Cisco does not have counterclaims with respect to the '823 patent. Put simply, Video Solutions just helped the parties and the Court by narrowing its case and streamlining the issues for trial.

Cisco's '823-related pending motions do not change the calculus. For example, in *Pontenberg v. Boston Scientific Corp.*, the Eleventh Circuit (relying on the Fifth Circuit's opinion in *Durham*) found that the district court did not abuse its discretion by granting dismissal without prejudice under Rule 41(a)(2) even though a summary judgment motion had been filed. 252 F.3d

4

1253, 1256 (11th Cir. 2001). The court noted, "the fact that the litigation [had] proceeded to the summary judgment stage" did not constitute "plain legal prejudice requiring the denial of a motion to dismiss." *See id.*; *see also Constellation Designs, LLC v. LG Elecs., Inc.*, No. 2:21-CV-00448-JRG, 2023 WL 4203414, at *3 (E.D. Tex. June 27, 2023). The same is true in this case.

Video Solutions respectfully requests that the Court exercise its discretion to dismiss Count III without prejudice because doing so would further serve and promote the Court's and District's policy of encouraging parties to streamline their cases voluntarily.

### B. Cisco's Affirmative Defenses With Respect To The '823 Patent Are Moot In Light Of A Dismissal.

The dismissal of the '823 patent (Count III) without prejudice will moot Cisco's affirmative defenses related to that patent, given the lack of jurisdiction under Rule 12(b)(1). There would also be no case or controversy relating to Cisco's '823 patent-related affirmative defenses. *Cf. VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-00417, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) (dismissing claims and corresponding counterclaims without prejudice and explaining that this "will maintain the fairness necessary to encourage both parties to reduce claims and their related invalidity defenses").

## II. CONCLUSION

Video Solutions informed Cisco that it is no longer asserting the '823 patent (Count III) to narrow the issues and streamline the case for trial. Consistent with this Court's, the Federal Circuit's, and the Fifth Circuit's precedent, Video Solutions respectfully requests that the Court grant its motion to dismiss Count III without prejudice pursuant to Rule 41(a)(2) and also Cisco's corresponding affirmative defenses with respect to that Count.

Dated: January 8, 2025

Respectfully submitted,

*/s/ Mark C. Nelson*
Mark C. Nelson (lead counsel)
TX Bar No. 00794361
Daniel A. Valenzuela
TX Bar No. 24067918
Juanita DeLoach
TX Bar No. 24064218
David Lisch
TX Bar No. 24077179
BARNES & THORNBURG LLP
2121 North Pearl Street, Ste. 700
Dallas, TX 75201
Tel: (214) 258-4200
Fax: (214) 258-4199
mark.nelson@btlaw.com
daniel.valenzuela@btlaw.com
juanita.deloach@btlaw.com
david.lisch@btlaw.com

Todd G. Vare
TX Bar No. 1845849
Jeff M. Barron
IN Bar No. 27730-49
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Tel: (317) 231-7735
Fax: (317) 231-7433
todd.vare@btlaw.com
jeff.barron@btlaw.com

Andrea Fair
TX Bar No. 24078488
Garrett Parish
TX Bar No. 24125824
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
andrea@millerfairhenry.com
garrett@millerfairhenry.com

**COUNSEL FOR PLAINTIFF,
VIDEO SOLUTIONS PTE. LTD.**

## CERTIFICATE OF CONFERENCE

On January 6, 2025, counsel for Video Solutions informed Cisco that Video Solutions was considering dropping the '823 patent and providing a draft stipulation of dismissal without prejudice. On January 7, 2025, after confirming to Cisco's counsel's question that the dismissal would be without prejudice, Video solutions received confirmation that a without prejudice dismissal would be opposed. The parties also orally met and conferred on January 7, 2025 pursuant to Local Rule CV-7(h) via a remote video conference. During that meet and confer Cisco confirmed its opposition to a without prejudice dismissal and indicated it "want[ed] a ruling on [its] motion for summary judgment." Cisco later confirmed by email that it opposes dismissal prior to the Court's ruling on Cisco's motions for summary judgment of invalidity and non-infringement. The parties in the oral meet and confer included Mark Nelson (lead counsel for Video Solutions), Jared Bobrow (lead counsel for Cisco), Garrett Parish (local counsel for Video Solutions), Tom Gorham (local counsel for Cisco), as well as other counsel for both Video Solutions and Cisco. The Parties were unable to resolve the dispute and are at an impasse. As such, this Motion is opposed.

> /s/ Mark C. Nelson
> Mark C. Nelson
>
> /s/ Garett Parish
> Garett Parish

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2025 a copy of the foregoing document was served via the Court's ECF system on all parties who are deemed to have consented to electronic service.

*/s/ Mark C. Nelson*
Mark C. Nelson