IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIDEO SOLUTIONS PTE. LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00222-JRG |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion to Dismiss U.S. Patent No. 8,446,823 (the "Motion") filed by Plaintiff Video Solutions Pte. Ltd. ("Plaintiff" or "Video Solutions"). (Dkt. No. 211.) In the Motion, Video Solutions moves under Fed. R. Civ. P. 41(a)(2) to dismiss Count III (the count relating to the '823 patent) of the Amended Complaint and Cisco's corresponding affirmative defenses with respect to Count III as it relates to the '823 Patent *without prejudice*. (Dkt. No. 211 at 1 (citing Dkt. No. 52 at ¶¶ 51-62).) Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") does not oppose dismissal of the '823 Patent, but instead insists dismissal must be *with prejudice* due to the late stage of the case. (*Id.* at 1; Dkt. No. 218.) Video Solutions notes that, while Defendant Cisco Systems, Inc. ("Cisco") asserted affirmative defenses, it did not file counterclaims related to the '823 patent. (Dkt. No. 211 at 1.)

As consistent with this Court's practice encouraging parties to narrow the issues and streamline their case in preparation for trial, the Docket Control Order (Dkt. No. 159) allows Plaintiff to narrow its case and disclose its final election of Asserted Claims up to and until 10 days before jury selection. In this case, Video Solutions filed its Motion to Dismiss the '823 Patent on January 8, 2025. (Dkt. No. 211.) This case is not set for jury selection until February 10, 2025.

(Dkt. No. 159 at 1.) Therefore, Video Solutions has complied with the requirements of the operative Docket Control Order by dismissing the '823 Patent up to and until 10 days before jury selection.

Having considered the Motion and the subsequent briefing, the Court finds that the Motion should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that all of Video Solutions' claims of infringement against Cisco as to the '823 Patent and all of Cisco's corresponding defenses and affirmative defenses as they relate to the '823 Patent are **DISMISSED WITHOUT PREJUDICE.** The claims or defenses with respect to the remaining asserted patents are not affected by this Order.

**So ORDERED and SIGNED this 17th day of January, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE