IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIDEO SOLUTIONS PTE. LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00222-JRG |
| | § | |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Cisco Systems, Inc.'s ("Cisco") Motion for Further Claim Construction of "Endpoint" (the "Motion"). (Dkt. No. 270.) In the Motion, Cisco requests that the Court amend and add language to the Court's prior construction to clarify that the "endpoints" in claim 1 of the '452 Patent are "a device of collection of devices, where ***videoconference*** data flow starts or ends, ***that are configured to capture videoconference data and*** that connect to and exchange information over a computer network." (*Id.* at 7) (emphasis added to the requested language). In large part, Cisco files this Motion because it believes Video Solutions Pte. Ltd.'s ("Video Solutions") alternative infringement theory relies on a "media server" being an "endpoint," which Cisco argues is "foreclosed by the correct construction of the claims." (*Id.* at 1.) Having considered the Motion, the Court's Claim Construction Order, and all the related briefing, the Court finds that it should be and hereby is **DENIED**.

## I.   BACKGROUND

On November 5, 2024, Magistrate Judge Payne issued his Claim Construction Order construing "endpoint" as "a device or collection of devices, where data flow starts or ends, that connect to and exchange information over a computer network." (Dkt. No. 129 at 27.) In that Claim Construction Order, Judge Payne noted that "[a]ccording to Cisco, the dispute concerns

whether an endpoint 'can also include midpoint devices in a network, like servers . . .'" (*Id.* at 10.) Judge Payne rejected that argument, however, explaining that while "Cisco suggests an 'endpoint' cannot be a sever," the "extrinsic evidence shows otherwise." (*Id.* at 10-11.)

After issuance of that Claim Construction Order, Video Solutions filed Objections on November 19, 2024. (Dkt. No. 148.) In its Objections, Video Solutions stated, *inter alia*, that "[t]he Court also indicated that an 'endpoint' can be a server . . . but added a statement suggesting that an endpoint could never include a router or switch. . . . This observation may be dicta," but Video Solutions "objects to it" to the extent that it would be given any weight. (*Id.* at 2.) Cisco, however, did not raise any objections to Judge Payne's Claim Construction Order. Instead, Cisco filed a Response defending Judge Payne's construction and asking the Court to overrule Video Solutions' Objections. (Dkt. No. 180 at 1-2.) On December 10, 2024, this Court overruled Video Solutions' Objections and adopted the Claim Construction Order authored by Judge Payne. (Dkt. No. 187.)

## II. DISCUSSION

More than four months after the Court adopted Judge Payne's Claim Construction Order and just weeks before trial is set in this case, Cisco now claims that the parties have a fundamental dispute regarding the scope of the "endpoint" claim term. (Dkt. No. 270 at 2, 6.) Cisco contends that, as a result, the Court has a duty to resolve the claim construction dispute prior to trial. (*Id.* (citing *O2 Micro Int'l, Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008)).) In its Motion, Cisco states that it is "filing this motion based on two recent case developments." (Dkt. No. 270 at 1.)

First, Cisco claims that it files this late-breaking motion asking for clarification because Video Solutions has since narrowed the case from three unrelated patents to only one of those patents. (*Id.* at 1.) Specifically, Cisco claims that because there were three patents-in-suit at the

time of claim construction, the parties proposed giving a single construction to "endpoint" and focused their claim construction analysis on how all three patents distinguished between endpoints and other parts of a network. (*Id.* at 3.) Cisco contends, however, that the now sole remaining patent—the '452 Patent—contains "important contextual information as to how 'endpoint' should be construed" that the Court should now consider given the dismissal of the other previously asserted patents. (*Id.* at 4.)

The Court rejects this argument. As a preliminary matter, Cisco does not point to anything in the claim construction briefing where it indicated that "endpoint" should be construed differently across the three asserted patents. (*See* Dkt. No. 270.) Instead, the Court finds that Cisco's expert, Dr. Almeroth, provided a declaration stating that a POSITA would "understand that 'endpoint' had the same meaning in all three patents." (Dkt. No. 81-1 at ¶ 104.) Cisco cannot reasonably reverse course at this late date and contend that a distinct construction is warranted for the sole remaining patent. Further, Cisco is mistaken when it contends that this narrowing to one patent is a recent development in the case. Months have passed since Video Solutions narrowed this case to one patent. In fact, Video Solutions narrowed this case prior to the initial pretrial conference held on January 22, 2025. (*See* Dkt. No. 199 (stipulating to the dismissal of the '099 Patent on December 17, 2024); Dkt. No. 211 (Video Solutions' opposed motion to voluntarily dismiss the '823 Patent on January 8, 2025).) Such narrowing to one patent is not the recent development Cisco claims. Cisco could have requested that the Court clarify its construction of "endpoint" at the pretrial conference in January. It did not do so. (*See* Pre-trial Transcript, Dkt. No. 268.) Instead, Cisco waited almost four months after the pretrial conference to request further claim construction at a time just weeks before trial is set to begin. (Dkt. No. 270) (motion filed on April 29, 2025, with trial set for May 19, 2025). Cisco provides no justifiable explanation for waiting to raise this issue until now.

3

Cisco's second reason for this late-breaking motion is that Cisco now believes Video Solutions' alternative infringement theory involves "a media server . . . [being] an endpoint," which Cisco contends is "foreclosed by the correct construction of the claims." (Dkt. 270 at 1.) As previously noted, Cisco requests that the Court "clarify that the endpoints in claim 1 of the '452 Patent are 'a device of collection of devices, where ***videoconference*** data flow starts or ends, ***that are configured to capture videoconference data and*** that connect to and exchange information over a computer network.'" (*Id.* at 7) (emphasis added to the requested language). Cisco argues that the inclusion of these two additions are necessary for several reasons. (*Id.* at 4-6.) Cisco contends this first piece of additional language is necessary because Claim 1 requires "exchanging ***videoconference*** data between a first endpoint and a second endpoint." (*Id.*) (emphasis added). Cisco further contends this second piece of additional language is necessary because Claim 1 further requires "capturing" the videoconference data. (*Id.*)

As a preliminary matter, the Court finds that Cisco has waived its right to present a new construction of "endpoint" at this late date. Cisco not only failed to object to the Magistrate Judge Payne's construction of "endpoint" pursuant to Federal Rule of Civil Procedure 72(a), it <u>defended</u> the construction of "endpoint" and asked the Court to overrule Video Solutions' objections "in full." (*See* Dkt. No. 180 at 1-2.) The Court agrees with Video Solutions that this "eleventh-hour attempt to propose a new construction of 'endpoint' is precisely the sort of untimely argument that the Court has discretion to not consider." (Dkt. No. 274 at 9.) To do otherwise would be to allow any party dissatisfied with the operative claim construction order to derail a scheduled jury trial with a similar last-minute request for further claim construction. *See Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1373 (Fed. Cir. 2016) ("At the *Markman* hearing, the district court found in Nuance's favor by adopting the plain and ordinary meaning of the term "identifying." The fact that shortly before trial Nuance became dissatisfied with its own

4

proposed construction and sought a new one does not give rise to an *O2 Micro* violation."). The Court finds that Cisco's request for clarification is untimely and has been waived. *See also SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (holding that the district court did not abuse its discretion when it "refused to entertain Pretec's untimely arguments" that Pretec made after the relevant cut-off dates under the District's Patent Local Rules and the trial court's scheduling order and noting "this court gives broad deference to the trial court's application of local procedural rules in view of the trial court's need to control the parties and flow of litigation before it.").[1]

Moreover, the Court does not believe Cisco's Motion raises a *bona fide* dispute over claim construction which the Court is required to resolve under *O2 Micro*. After careful review, the Court believes that the present dispute concerns whether Cisco's Webex media server is an "endpoint" under the Court's existing construction. (*See* Motion, Dkt. No. 270 at 1-2.)  While *O2 Micro* requires the court to resolve outstanding disputes over the scope of claim terms, it does not require the court to resolve disputes over the application of an already construed term which was raised at *Markman*. *See* 521 F.3d at 1362 (citing *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.,* 249 F.3d 1341, 1349 (Fed.Cir.2001) (deciding that the disputed issue was the proper application of a claim term to an accused process rather the scope of the term)).)  During the hearing on Cisco's motion for summary judgment of non-infringement of the '452 Patent the Court asked Cisco's counsel: "If we have a dispute between the competing experts here that this

---

[1] The Court is aware of several other cases discussing waiver of a claim construction issues. *See, e.g.*, *Arterbury v. Odessa Separator, Inc.*, No. 5:16-CV-00183-RWS, 2019 U.S. Dist. LEXIS 22807, at *3 (E.D. Tex. 2019) (finding waiver and declining to revisit previous constructions where the Magistrate Judge adopted the parties' proposal and no party appealed or objected to this determination); *c.f., Aqua Connect, Inc. v. TeamViewer US, Inc.*, No. 18-1572-MN, 2023 U.S. Dist. LEXIS 175191, at *17 (D. Del. 2023) ("[T]here comes a point when claim construction must stop—when a party waives the ability to ask for a dispute to be resolved because it has failed to raise the dispute in a timely way. In the Court's view, this case represents a good example."); *Bettcher Indus. v. Bunzl USA, Inc.*, 661 F.3d 629, 640-41 (Fed. Cir. 2011) (holding that district court did not err in declining to construe new terms raised "a year after the *Markman* hearing" when raised for the first time on the eve of trial).

media server is or is not an endpoint, don't we have a factual dispute? Doesn't that preclude entry of summary judgment under Rule 56?" (Pretrial Transcript, Dkt. No. 268 at 28:3-6.) Accordingly, the Court does not find that this is a question requiring the Court to perform a last-minute reopening of its claim construction order.

However, even if the Court found that the parties actually had a fundamental dispute over the claim's scope, the Court finds that the proposed clarifying construction is incorrect. Cisco's construction conflicts with the claim language because, though claim 1 requires "capturing second videoconference data," claim 1 does not require that the "capturing" be performed by the "endpoint," nor does claim 1 specify which "endpoint," if any, must capture the second videoconference data. (*See* '452 Patent at cl. 1.) Furthermore, there is no requirement that *all* the "endpoints" must be "configured to capture videoconference data." (*Id.*) Consequently, Cisco's proposed clarifying language attempts to insert a limitation not present in the claims.[2] The Court is not persuaded that the '452 Patent's specification requires that all "endpoints" must be "configured to capture videoconference data."[3] Consequently, the Court concludes that adopting Cisco's late-breaking construction would be erroneous.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Cisco's Motion for Further Claim Construction of "Endpoint" (Dkt. No. 270) should be and hereby is **DENIED**.

---

[2] Video Solutions also argues that Cisco's construction is internally inconsistent. Though Cisco does not dispute that an "endpoint" is where "data flows starts *or* ends," Cisco argues that its proposed addition of "configured to capture videoconference data" is necessary because "data flow can only 'start' where it is captured." (Dkt. No. 270 at 6.) Video Solutions argues that this would result in an "endpoint" that "only receives videoconference data—*i.e.,* the ***ending point*** for videoconference data—no longer being an 'endpoint.'" (Dkt. No. 274 at 12) (emphasis original). Video Solutions argues, therefore, that Cisco's construction is contrary to the plain meaning of "endpoint" and inconsistent with the undisputed construction that an "endpoint" is where the data flow "starts *or* ends." (*Id.*)

[3] Cisco also argues that one of the dismissed patents, the '099 Patent, provides intrinsic evidence supporting its proposed clarifying construction.

**So ORDERED and SIGNED this 14th day of May, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE